KAREN LIVINGS
v.
LAWYERS PROTECTIVE PLAN, ET AL.
No. CA 08-776
Court of Appeals of Louisiana, Third Circuit.
December 23, 2008.
Not Designated for Publication
Joel Edward Gooch Allen & Gooch Counsel for Defendants/Appellees: Clarendon National Ins. Co. Jarvis Jerome Claiborne, APLC.
Joslyn Renee Alex, Attorney at Law, Counsel for Plaintiffs/Appellants: Karen Livings.
Court composed of SAUNDERS, EZELL, and PAINTER, Judges.
SAUNDERS, Judge.

FACTS AND PROCEDURAL HISTORY:
This appeal arises from a grant of summary judgment by the Twenty Seventh Judicial District Court. In this case, Plaintiff-Appellant, Karen Livings (hereinafter Livings), brought a claim of legal malpractice against attorney Jarvis Claiborne (hereinafter "Claiborne"), asserting that Claiborne had failed to pursue Livings' medical malpractice claim against Dr. Robert Fell (hereinafter "Dr. Fell"). Claiborne had prepared and filed Livings medical malpractice complaint but never paid the necessary filing fees, causing Livings' claim to be dismissed.
Livings gave birth via C-Section on December 19, 2002. She revisited the hospital eight days later, on December 27, 2002, complaining of headaches. On that date, Dr. Fell failed to diagnose Livings with Venus Sinus Thrombosis or to treat her for that condition. The next day, December 28, 2002, Livings suffered seizures and was taken back to the hospital by ambulance. At that time, the treating physician, Dr. Thompson, ordered a CT scan of Livings' brain and an MRI, among other tests, giving a final diagnosis of Sinus Thrombosis. Livings was then medicated for that condition and ordered to remain in the hospital for further observation.
Claiborne filed a motion for summary judgment, on the basis that Livings would not be able to prove that her medical malpractice claim was a viable one. The trial court granted Claiborne's motion for summary judgment, and Livings appeals, asserting one central assignment of error.

ASSIGNMENT OF ERROR:
1. Did the trial court err in granting Claiborne's motion for summary judgment?

STANDARD OF REVIEW:
"A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2)." Duncan v. U.S.A.A. Ins. Co., 06-363 p.3 (La.11/29/06), 950 So.2d 544, 546-547. "Appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration . . . ." Spera v. Lyndon Prop. Ins. Co., 00-1373, p. 2 (La.App. 3 Cir. 3/7/01), 788 So.2d 56, 58 writ denied, 01-874 (La. 6/1/01), 793 So.2d 193.
This court must "determine whether either party has established there are no genuine issues of material fact and [Claiborne] is entitled to judgment as a matter of law." Duncan 950 So.2d at 547. Louisiana Revised Statutes 9:2794 states:
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., an optometrist licensed under R.S. 37:1041 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

DISCUSSION OF THE MERITS:
Livings contends that, had she been properly diagnosed on December 27, 2002, she would not have suffered seizures the next day. Livings has also presented an affidavit from a medical expert, Dr. Von Zielinski (hereinafter "Zielinski"), stating that Dr. Fell's evaluation and management of Livings fell beneath the standard of care. Claiborne on the other hand, argues that Livings can show no damages as a result of her seizure and, further, that she fails to prove that Dr. Fell's actions caused any injury. Claiborne summarizes that Livings merely asserts Dr. Fell's treatment of her breached the standard of care, without proving the elements of causation or damages.
The essence of Claiborne's motion for summary judgment is that Livings' alleged medical malpractice claim against Dr. Fell could not be proven, due to Livings' failure to present any evidence to show that Dr. Fell's actions caused her to suffer any injuries that would not otherwise have been incurred. If Livings' medical malpractice claim was not a viable claim due to her failure to meet the causation element of La.R.S. 9:2794(A)(3), then Livings would be unable to recover in her legal malpractice claim against Claiborne, because any negligent representation by the attorney could not have caused damages.
After a thorough review of the record, we find that Livings presented no evidence that she suffered any injuries as a proximate result of Dr. Fell's alleged breach of the standard of care. Though Livings presents the affidavit of her medical expert, Zielinski, the affidavit simply refers to Dr. Fell's breach of the standard of care, without any testimony as to whether this breach caused Livings to suffer any injury that would not otherwise have been incurred. As such, even if we look to the affidavit of Zielinski and view it in a light most favorable to Livings, she still would not be able to carry her burden at trial. We find that the affidavit given by Zielinski fails to meet Livings' burden of proof, as stated in La.R.S. 9:2794(A)(3) cited above, and therefore the trial court's grant of summary judgment in this case was appropriate.

CONCLUSION:
For the above-stated reasons, we affirm the decision of the trial court in all respects. All costs are to be assessed to Appellant.
AFFIRMED.